## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80242-CIV-RYSKAMP/VITUNAC

ALLEN M. KARMELIN,

      Plaintiff,

v.

THE PRUDENTIAL INSURANCE CO.
OF AMERICA,

      Defendant.

_____/

### <u>OMNIBUS ORDER</u>

      THIS CAUSE comes before the Court pursuant to Defendant's Motion to Compel

Independent Medical Examination of the Plaintiff, filed July 19, 2007 **[DE 21]**.  Plaintiff

responded on July 30, 2007 **[DE 23]**.  Defendant did not reply.  This cause is also before the

Court pursuant to Plaintiff's Motion to Allow Presence of Counsel and Court Reporter at

Examination, filed August 2, 2007 **[DE 24]**.  Defendant responded on August 10, 2007 **[DE 25]**.

Plaintiff replied on August 17, 2007 **[DE 26]**.  These motions are ripe for adjudication.

      Plaintiff asserts that a car accident left him totally physically disabled as defined by the

applicable policy, and seeks long-term disability benefits from Defendant.  Rule 35 of the Federal

Rules of Civil Procedure governs the appropriateness of physical or psychological examination

of a party, and provides in pertinent part:

> Once the mental or physical condition... of a party... is in
> controversy, the court in which the action is pending may order the
> party to submit to a physical... examination by a suitably licensed
> or certified examiner... The order may be made only on motion for
> good cause shown and upon notice to the person to be examined

2

> and to all parties and shall specify the time, place, manner,
> conditions and scope of the examination and the person or persons
> by whom it is to be made.

Plaintiff does not dispute that his physical condition is at issue in this lawsuit.  Rather, Plaintiff contends that Defendant has not made a sufficient showing of good cause for such examination. Plaintiff claimed to be totally disabled as of April 20, 2006.  The Court accepted Plaintiff's Amended Complaint in May of 2007.  In Florida, one seeking payment of disability benefits under a policy of insurance is only entitled to recover benefits up to the date the action was filed or removed.  See Aetna Life Insurance Co. v. Smith, 345 So.2d 784, 787 (Fla. 4th DCA 1977). Once the complaint as amended, however, that complaint supersedes the original one and disability payments may be paid up to the date of the amended complaint.  See Fritz v. Standard Security Life Insurance Co., 676 F.2d 1356, 1358 (11th.Cir 1982).  Plaintiff maintains that a medical examination performed as of this date would shed no light on his condition or functional capacity during the time between April 2006 and May of 2007.  Nevertheless, a physician is able to provide an opinion of an examinee's condition retrospectively despite not having performed the examination during the relevant time period.  See Ali v. Wang Labs, Inc., 162 F.R.D. 165, 168 (M.D. Fla. 1995)(citing Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983)). Accordingly, Plaintiff's objection to submitting to an examination is unfounded.

Plaintiff may not have his counsel and a court reporter present at the examination.  A plaintiff seeking to impose such conditions on an independent medical examination has the burden of showing a special need for same.  See Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 324 (D. Ga. 2000).  Plaintiff has failed to set forth any reason to support his request to have his attorney and a court reporter present at the examination.  Accordingly, the motion is denied.

3

It is hereby

ORDERED AND ADJUDGED that the Motion to Compel Independent Medical Examination of the Plaintiff, filed July 19, 2007 **[DE 21]**, is GRANTED.  It is further

ORDERED AND ADJUDGED that the Motion to Allow Presence of Counsel and Court Reporter at Examination, filed August 2, 2007 **[DE 24]**, is DENIED.  It is further

ORDERED AND ADJUDGED that the Motion for Extension of Defendant's Expert Witness Disclosure Deadline, filed August 30, 2007 **[DE 28]**, is GRANTED.  The deadline is extended through October 19, 2007.  It is further

ORDERED AND ADJUDGED that the Motion to Reschedule Mediation, filed August 14, 2007 **[DE 29]**, is GRANTED.  Mediation may occur on October 18, 2007, or on another date as agreed to by the parties.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 9th day of October, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE